

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| FRANCISCO BATISTA DOMINICCI, | § |
| | § |
| Plaintiff, | § |
| | § |
| vs. | § CIVIL ACTION NO. 9:04-1878-HFF-GCK |
| | § |
| MR. JOSEPH SMITH, Warden; | § |
| M. MILLER-BLANKS, Unit Manager; | § |
| RICHARD JAMES, Correctional | § |
| Counselor at FCI Edgefield; BRIAN | § |
| GILMORE, Lieutenant at FCI Edgefield; | § |
| KIM LOOSIER, Inmate Systems Manager | § |
| (ISM); CASE MANAGER UNKNOWN | § |
| NAME; SIA LT.UNKNOWN NAME; and | § |
| GANG SPECIALIST UNKNOWN NAME, | § |
| | § |
| Defendants. | § |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION OF THE MAGISTRATE
JUDGE AND DISMISSING ACTION WITHOUT PREJUDICE**

**I.    INTRODUCTION**

This is a *Bivens* action. Plaintiff is proceeding *pro se*. This matter is before the Court for review of the United States Magistrate Judge's report and recommendation (report) in which he suggests that 1) Lt. Gilmore's Motion to Dismiss be considered moot, 2) the Named Defendants' Motion to Dismiss be granted, 3) the Served Defendants' Motion to Dismiss be granted, and 4) this case be dismissed

*without prejudice*.[1] The report is made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 DSC.

## II.     THE REPORT

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *See Matthews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a *de novo* determination of those portions of the report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

The Magistrate filed his report on July 11, 2005. Plaintiff filed his objections on August 15, 2005.

## III.    OBJECTIONS

As already noted, the Court is required to "make a de novo determination of those portions of the [magistrate's] proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). Specific objections are necessary to focus the Court's attention on disputed issues. *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985). Because general objections do not direct the Court's attention to any specific portions of the report, general objections to the Magistrate Judge's report are tantamount to a failure to object. *See Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982) (*de novo* review not required where objections are general and conclusory). A failure to object waives appellate review. *Wright v. Collins*, 766 F.2d 841, 845-46 (4th Cir.1985).

---

[1]The reader is directed to the report for 1) a list of which defendants fit into which category and 2) a recitation of the relevant factual history.

In the objections, Plaintiff generally reargues his case. The Magistrate Judge, however, has already considered each of those arguments, but found them to be without merit. Nevertheless, in the interest of justice, as well as in an abundance of caution, the Court has made a *de novo* review of the issues raised in Plaintiff's objections, but finds them to be without merit. Since the Court agrees with the comprehensive and well-reasoned report by the Magistrate Judge, it declines to address the arguments a second time here.[2]

## IV.     CONCLUSION

Therefore, after a thorough review of the report and the objections pursuant to the standard set forth above the Court overrules Plaintiff's objections, adopts the report to the extent that it does not contradict this order and incorporates it herein. Accordingly it is the judgment of this Court that 1) Lt. Gilmore's Motion to Dismiss is rendered **MOOT**, 2) the Named Defendants' Motion to Dismiss is **GRANTED**, 3) the Served Defendants' Motion to Dismiss is **GRANTED**, and 4) this case is **DISMISSED** *without prejudice*.

**IT IS SO ORDERED.**

Signed this 24th day of August, 2005, in Spartanburg, South Carolina.

s/ Henry F. Floyd
HENRY F. FLOYD
UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**
Plaintiff is hereby notified that he has a right to appeal this Order within sixty (60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

---

[2] The Court notes that the first sentence of the paragraph that begins at the bottom of page fourteen (14) of the report should read as follows: "Because Plaintiff failed to exhaust his administrative remedies with respect to the Served Defendants, it is recommended that the claims against the Served Defendants be dismissed without prejudice to allow Plaintiff to exhaust his administrative remedies."